# Conrad Seipp Brewing Company

## v.

# Patrick Doody.

*Personal Injuries—Damages—Whether Excessive—Remittitur—Conflict of Evidence—Question for Jury.*

1. Where the evidence is conflicting the verdict must be held to settle the questions of fact involved, unless it clearly appears that the verdict is the result of misapprehension or of passion on the part of the jury.

2. In an action to recover damages for a personal injury, the fact that the court differs from the jury as to the damages and requires a remittitur of a portion thereof, does not show that the verdict was the result of passion or prejudice.

[Opinion filed January 25, 1888.]

Appeal from the Superior Court of Cook County; the Hon. Kirk Hawes, Judge, presiding.

Messrs. Butz & Eschenburg and I. N. Stiles, for appellant.

Mr. Merritt Starr, for appellee.

*Per Curiam.* This appeal is from a judgment recovered

by appellee against the appellant company for an injury sustained by him through the alleged carelessness of one of appellant's servants in driving a team and beer wagon of appellant over a railway crossing at which appellee was on duty as a flagman. The jury found a verdict in favor of appellee for $3,000, and the court required a remittitur of $1,000 of this verdict to be entered by appellee, and rendered judgment against appellant for $2,000.

Counsel for appellant do not claim that there was any error of law committed on the trial, but do insist that the verdict is not warranted by the evidence; that it is the result of passion and prejudice, or a misapprehension of the evidence on the part of the jury. The record discloses a conflict between the witnesses as to the occurrences at the time of and immediately preceding the accident, and the jury were in a far better position to settle that conflict correctly than this court can be.

It can not be contended that the evidence of the plaintiff poes not support the verdict, but only that upon the evidence the verdict should have been the other way. Where such is the case, the verdict must be held to settle the question of fact, and unless we can clearly see that the verdict is the result of misapprehension or of passion, we are not authorized to set it aside.

It is strenuously contended that the size of the verdict and the fact that the trial court required a remittitur of one-third thereof, is proof positive that the verdict was the result of passion or prejudice. We do not concur in this view. There may be a verdict so excessive as of itself to furnish satisfactory proof of passion, but such a case will rarely occur.

On the question of what is just the correct measure of damages to be allowed in a personal injury case, no two men, no two Judges, will be likely to agree. There is not in the fact that the Judge in the trial court differs from the jury as to the correct amount to be given in such a case, the same impugnment of the verdict as there would be where the greater part of the verdict was for punitive damages.

The practice of sustaining judgments where remittiturs are entered is well established in this State, but the remittitur will

not always be regarded by the reviewing court as sanctifying the verdict. That question must be governed in each case by the facts of such case, and the inferences to be justly drawn from the entire record. And while an Appellate Court may on proper occasion reform the abuse of a jury, it must not, on mere grounds of difference in judgment, invade their province or assume their functions.

In this case the evidence clearly shows that appellee was quite seriously injured, and it is very difficult to conclude from the testimony that there are no injurious results of a permanent character. At all events the injury could not be truly characterized as slight or insignificant, and we can not say that the judgment is an excessive or unjust compensation.

On a careful examination of the entire record, and full consideration of the arguments of counsel, we find no grounds for reversing this case, and the judgment will therefore be affirmed.

*Judgment affirmed.*