LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY

v.

WILLIAM F. HUNDT, BY NEXT FRIEND.

*Master and Servant—Negligence of Master—Personal Injuries.*

1. In assessing damages in a personal injury case, it is proper for the jury to not only consider the physical injury and pain, but also the consequent mental pain and pecuniary loss.

2. It is improper in such a case to give, upon the part of either party instructions which take from the jury either the question of what facts were proved or what acts constituted negligence.

3. If an averment in a declaration is cumulative, and if either part of it is proved, and the other not, and the part proved would, if it stood alone, be sufficient to sustain the action, the failure to prove the other part is of no consequence.

4. This court affirms, in view of the evidence, a judgment for the plaintiff in an action brought to recover from his employer for personal injuries, alleged to have occurred through its negligence.

[Opinion filed July 23, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Messrs. PLINY B. SMITH and JAMES I. BEST, for appellants.

L. S. & M. S. Ry. Co. v. Hundt.

Messrs. WALKER & JUDD and PERRY A. HULL, for appellee.

GARY, J.   The evidence on the trial of this case tended to prove that on the 4th day of ·November, 1888, the appellee, then a boy of the age of eighteen years, was in the service of the appellants as a track laborer for $1.25 per day.   He had been in their service in that capacity for about seven months, but at another part of their tracks, until the day on which he received the hurt that is the subject of this action.   At the place where he had worked for them, when a car was switched to run loose, called "kicking," a man rode it to prevent damage.

He, with another laborer, was directed by the foreman to put a handcar on the track on which trains run out of Chicago, at a point some 300 feet north of Sixty-first street, and run south to Sixty-third street, probably more than a quarter of .a mile, get some tools, and return as quickly as possible. They went, and in returning saw a train coming toward them on that track.   In and out of the track next west, used by trains running into Chicago, switching was then being done, which would have delayed them if they had attempted to use that track.   Next east of them was a side track called No. 1, upon which cars were standing, which prevented them from getting upon it until they had returned some distance toward the coming train, when, having passed the standing cars, they removed the handcar from the out-going track, probably to put it upon that side track and return to the foreman.   It is somewhat uncertain whether the intention was to return upon that side track, or pass over it to another next east, called No. 2, or return to the·out-going track after the train had passed. There was some obstruction between the tracks, so that they were hindered in getting upon the side track, but had got clear of the outgoing one.   Their car was so near the side track, however, that a freight car which had been switched upon the side track and was running loose with no one upon it, struck the handcar and threw it upon the appellee, very severely injuring him, and so mangling his left hand that three of his fingers were amputated, and the fourth rendered stiff and useless.

He had no notice of the approach of this freight car until too late to escape. His companion saw it a little before he did, and did escape; but for the obstruction between the tracks, they probably would have been on the side track, and run over by the freight car.

On behalf of the appellants the court instructed the jury much more favorably to them than they were entitled to, reciting various acts and omissions (hypothetically) of the appellee and charging the jury that such acts or omissions constituted negligence on his part, and would prevent a recovery. The verdict acquits him of negligence, which settles that question. It is obvious that such an accident could occur only by the carelessness of somebody.

The order of the foreman to go for tools and return as quickly as possible, was the order of the appellants. All of the obstructions to that return upon the several tracks were by the acts of the appellants. It was by their acts that the side track No. 1 was the nearest one open.

If, as the jury have found, the appellee was not negligent in his endeavor to get upon the track, then the appellants were negligent in sending a car under no control, without notice, upon him. Upon the facts the verdict for the appellee can not be disturbed.

Of the instructions for the appellee, the appellants complain only of one as to damages, and of that only upon a forced construction of it, that it warrants a double assessment; the jury being directed to take into consideration the personal injury, the pain and suffering, the permanent injury, and such damages present and future as are the necessary result of the injury. It is said that the last clause is too much, in that, after the jury have considered all the items of damage, then they may add present and future damages. That is not the meaning of the instruction. What damages the jury are to give, they are not told in any instruction; they are only told what to consider. It was proper for them to consider not only the physical injury and pain, but the consequent mental pain and pecuniary loss. H. & St. J. R. R. Co. v. Martin, 111 Ill. 219; Village of Sheridan v. Hibbard, 119 Ill. 307.

The instructions asked by the appellants, the refusal of which is complained of, took from the jury either the question of what facts were proved, or what acts constituted negligence. It has been so often decided that such instructions are wrong, that any citation of cases is unnecessary.

The appellants make a point that the declaration alleges that while the appellee was removing the handcar, they switched and ran the freight car against it, while the proof shows that the freight car was switched before the removal of the handcar began. The averment, switched and ran, is cumulative. If either part of it is proved, and the other not, and the part proved would, if it stood alone, be sufficient to sustain the action, the failure to prove the other part is of no consequence. 1 Taylor, Ev., 262, *et seq.*

The material thing is that the freight car ran against the handcar; not how it got upon the track. Chicago W. D. Ry. Co. v. Mills, 105 Ill. 63.

The jury awarded $8,500 damages; the plaintiff remitted $1,000 and took judgment for $7,500. The damages are liberal, above the amount usual in such cases. The appellee is not entitled to vindictive damages, only compensatory; but the law confides to the jury the fixing of the compensation, and they are not restricted to the pecuniary loss. We would not be justified in disturbing the verdict on the ground of excess.

The judgment is affirmed.

*Judgment affirmed.*