## Chicago & Grand Trunk Railway Company v. Joseph Gaeinowski, Administrator of the Estate of Andreas Gaeinowski, Deceased.

1. WAIVER—*Abandoned Issues.*—Where the court, over objections, permits the introduction in evidence of matters foreign to the issue and then strikes the same out, and later on in the trial the other party introduces evidence of the same matter, *it is held* following up an abandoned issue, and is to be regarded as a waiver of the objections.

2. MEASURE OF PROOF—*Requisites of a Recovery.*—In an action for damages resulting from a death caused by negligence. the declaration alleged as next of kin of the deceased, the father, mother, two brothers and five sisters. Only the father and mother were proved. *Held*, sufficient to sustain a recovery. It is only necessary to prove a part of the declaration, if that part makes a case.

**Memorandum.**—Action for damages. Death from negligent act. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed June 4, 1894.

The opinion states the case.

SAMUEL B. FOSTER, attorney for appellant.

CHAS. E. REEVE, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee is the administrator of his son, who was killed at the age of nine years and five months, by a locomotive of the appellant, at a grade crossing of the railroad and Loomis street, near Forty-ninth street, in the city of Chicago, on the twenty-fifth day of March, 1891.

There was such evidence as justified the jury in finding that as a long freight train was crossing Loomis street westward, a locomotive met it upon the crossing backing eastward; that the gates were not down; that the track upon which the train was, was north of the track upon which the locomotive was, and the boy, from the south side of the railroad, was going north on Loomis street upon an errand for his mother; that with no notice that the locomotive was ap-

proaching, he went toward the freight train to cross the railroad tracks as soon as the freight train should be out of his way, and in so doing was caught by the locomotive and killed. The only dispute as to any of these circumstances is whether the gates were down, and the verdict of the jury is final on that.

The court permitted, over the objection and exception of appellant, testimony that the flagman was often drunk, after it was testified that he was drunk at the time of the accident. If this was error, we think it was cured.

Later the court struck out the testimony, and later still, the appellant put in considerable testimony that the flagman was a sober, industrious man. This conduct of the appellant, in following up an abandoned issue, should be regarded as a waiver of the point, if the original introduction was wrong, which we need not decide.

The declaration alleged as next of kin of the deceased the father, mother, two brothers and five sisters. Only the father and mother were proved, though both of them were witnesses. But if they had been the only next of kin, the cause of action would have been the same. It is only necessary to prove part of the declaration, if that part makes a case. Chi., R. I. & P. R. R. v. Clough, 134 Ill. 586; L. S. & M. S. R. R. v. Hundt, 41 Ill. App. 220.

It is not to be assumed that the jury considered loss sustained by any next of kin not proved to exist, and the amount of damages as assessed by the jury can not be questioned. Bradley v. Sattler, No. 5144. March term, 1894. *Post.*

All the law contained in the fifth instruction, refused, was in the second given. The judgment is affirmed.