# Baltimore & Ohio South Western Railroad Company v. Fabian Then, Administrator.

1. PLEADINGS—*Omissions Cured by Verdict.*—When there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection on demurrer, if issue joined is such as necessarily requires, on the trial, proof of the facts so imperfectly or defectively stated or omitted, and without which it is not to be presumed that the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by verdict.

2. ORDINARY CARE—*Exercise of—Evidence.*—Evidence to establish the fact that a deceased person exercised due care to avoid injury need not be direct; it may be inferred from circumstances existing at the time of the injury and other facts in evidence.

3. SAME—*Evidence—Things Proper to be Considered.*—Among other things proper for the jury to consider in determining the question of the

exercise of due care to avoid injury is the instinct prompting to preservation of life and avoidance of danger.

4. SAME—*Exercise of, by Minors.*—The law does not require a boy twelve years old to use the same degree of care and caution as a person of mature years, and it is proper for the jury, in passing upon the question of the exercise of ordinary care for personal safety, to take into consideration the age of the person injured.

5. ORDINANCES—*Regulating Speed of Trains, etc.—Effect upon Cases for Personal Injuries.*—A person having occasion to cross a railroad track in a city has a right to rely upon the performance of duties imposed upon the company, by ordinances, to warn him of the approach of the train, by continuously ringing a bell upon the engine and by running not to exceed ten miles an hour.

6. DAMAGES—*Measure of—Death from Negligent Act.*—In an action for damages sustained by reason of the death of a person from negligence, the amount of the recovery must be largely left (within the limits of the statute) to the discretion of the jury. When proof is made of the age and relationship of the deceased to the next of kin, the jury may estimate the pecuniary damages from the facts proven, in connection with their own knowledge and experience in relation to matters of common observation.

7. SAME—*To All the Next of Kin.*—Section 2, chapter 70, R. S., entitled "Injuries," authorizes the recovery of the full amount of damages all the next of kin are entitled to recover, and the recovery is not limited to the amount which the father, one only of the next of kin, would be entitled to receive.

8. SAME—*Distribution—How Made.*—The question as to how much of a judgment recovered for the death of a person by the negligence of another each one of the next of kin will be entitled to, is for the Probate Court to determine when the administrator is making the distribution.

9. SAME—*$2,500 is Not Excessive.*—The judgment for $2,500, rendered in favor of the next of kin of a boy twelve years of age, is not excessive.

10. EXCESSIVE DAMAGES—*Not to be Inferred from the Entry of a Remittitur.*—The fact that the court required a remittitur to be entered, does not imply that the damages for which the judgment was recovered were excessive.

Trespass on the Case.—Death from negligence. Appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed July 1, 1895.

POLLARD & WERNER, attorneys for appellant.

W. H. BENNETT and A. R. TAYLOR, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

Appellee, as administrator of the estate of his deceased daughter, brought this suit under the statute, to recover damages for the death of his intestate, caused, as averred in the declaration, by the negligence of appellant's servants in charge of its passenger train, in operating the same in the city of East St. Louis, at a greater rate of speed than ten miles an hour, in violation of the city ordinance, and without causing the bell on the engine to be rung, as required by another ordinance of said city. Defendant pleaded the general issue, a trial was had, the jury found defendant guilty and assessed the damages at $5,000. Plaintiff entered a remittitur of $2,500; defendant's motion for a new trial was then overruled, as was also its motion in arrest of judgment. The court entered judgment for $2,500 damages and costs of suit, for plaintiff, and defendant took this appeal.

On behalf of appellant it is urged the motion in arrest of judgment should have been sustained, on the ground there was no averment in the declaration that deceased was in the exercise of due care at the time of the accident. Conceding the declaration to have been demurrable because of such omission, it does not follow that after verdict, a motion in arrest of judgment, based on such defect, should be sustained. Where there is any defect, imperfection, or omission in any pleading, whether in substance or in form, which would have been a fatal objection on demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so imperfectly or defectively stated or omitted, and without which it is not to be presumed that the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection, or omission is cured by verdict. 1st Chit. Pld., 14 Am. Ed., 673; I. C. R. R. Co. v. Simmons, 38 Ill. 243; A. T. & S. F. R. R. Co. v. Feehan, 149 Ill. 203.

In the case at bar, it is not to be presumed the jury would have given the verdict, or that the court would have sustained it without evidence tending at least to establish the fact of due care on the part of deceased. The motion in

arrest was properly overruled.  It is next insisted the court erred in refusing to instruct the jury to find for the defendant on the ground that the evidence failed to show deceased exercised any care to avoid the injury, but her conduct showed she was guilty of gross negligence.  This was a question of fact for the jury.  The evidence in cases of this kind, to establish the fact that deceased exercised due care, need not to be direct, but such care may be inferred from the circumstances existing at the time of the injury and other facts in evidence.  The evidence in this case was sufficient to prove that there were a number of box cars on the side track, and a curve in the main track above the street crossing, which would obstruct the view and make it quite difficult, and perhaps impossible, for the deceased to see the approaching train until she was on the main track at the crossing, and too late to escape.  She had a right also to rely upon the performance of the duty imposed upon the defendant by the city ordinances, to warn her of the approach of the train, by continuously ringing the bell upon the engine, and not to run said train faster than ten miles per hour within the city, and there was evidence tending strongly to show this duty was not performed.  Among other things proper for the jury to consider in determining this question of due care, is the instinct prompting to preservation of life and avoidance of danger.  I. C. R. R. Co. v. Nowicki, 148 Ill. 29; T. H. & I. R. R. Co. v. Voelker, 129 Ill. 553.  In our judgment the evidence justified the jury in finding deceased exercised reasonable care at the time in question.  The first instruction given for plaintiff is objected to for the reason that the following clause is contained therein:  "And if the jury further find from the evidence that said deceased at the time of her injury was exercising ordinary care for her own safety, according to her age, capacity and discretion;" and it is claimed this clause erroneously limited the care required of deceased.  It was averred in the declaration that deceased was twelve years of age and by the evidence her age was between twelve and thirteen years old at the time she was killed.  In Weick v.

Lander, 75 Ill. 93, which was an action by a father, as administrator, for the wrongful killing of his son, twelve years old, it is said in the opinion : " It is not to be expected that a boy twelve years old will use the same degree of care and caution as a person of mature years, nor does the law require it. It was proper for the jury, in passing upon the negligence of deceased, to take into consideration his age and experience." In C. & A. R. R. Co. v. Becker, 76 Ill. 25, the court say: " The age, capacity and discretion of deceased to observe and avoid danger, were questions of fact to be determined by the jury, and his responsibility was to be measured by the degree of capacity he was found to possess." These cases and this doctrine announced therein are cited and approved in I. C. R. R. Co. v. Slater, 129 Ill., pp. 99, 100."

Moreover, appellant, in its first instruction given, requested the court to inform the jury that the degree of care required of deceased was that which a reasonable person of her age, under all the facts and circumstances, would have used, and can not assign for error a ruling substantially the same as that made at its own instance. Calumet Iron & Steel Co. v. Martin, 115 Ill. p. 367. It was not error to give the instruction objected to. The giving of plaintiff's second instruction is next assigned for error, because this instruction upon the measure of damages did not confine the jury to a consideration of the evidence before them. This instruction is as follows :

" 2. The court instructs the jury that if they find a verdict in favor of the plaintiff, they are not confined, in assessing the damages, to the pecuniary value of the services of the deceased to her next of kin until she would have arrived at the age of eighteen. But the jury may consider the pecuniary benefits which the next of kin may have derived from said deceased, had she not been killed, at any age of her life."

There was no error in giving this instruction. It is not required that the evidence shall afford data from which the extent of the pecuniary loss can be ascertained with certainty. O. & M. Ry. Co. v. Wangelin, 152 Ill. 142, citing with approval the following language used in the

opinion in C. & A. R. R. Co. v. Shannon, 43 Ill. 338:
" How this pecuniary damage is to be measured, in other
words, what is to be the amount of the verdict, must be
largely left (within the limits of the statute) to the discre-
tion of the jury. The legislature has used language which
seems to recognize the difficulty of exact measurement and
commits the question especially to the finding of the jury."
Also citing and approving the following language in City
of Chicago v. Hesing, 83 Ill. 204: " When proof is made
of the age, and relationship of the deceased to the next of
kin, the jury may estimate the pecuniary damages from the
facts proven, in connection with their own knowledge and
experience in relation to matters of common observation."
In City of Chicago v. Keefe, 114 Ill. 230, also cited and
approved in the Wangelin case, *supra*, it is said : " The ques-
tion is, in its nature, incapable of exact determination, and
the jury should therefore calculate the damages in refer-
ence to a reasonable expectation of benefit, as of right
or otherwise, from the continuance of life. Parents, and
even brother and sisters, might reasonably expect, in many
ways, to derive pecuniary benefit from the continued life
of the intestate, as of grace and favor, if not of right, at any
age of life, and our statute imposes the duty of support, in
the event of their becoming paupers, of the parent by the
child, and of one brother or sister by another brother or
sister." The second instruction given for plaintiff is in
harmony with the foregoing rulings touching the assess-
ment of damages in cases like this, and was properly given.

The instructions which defendant requested the court to
give on its behalf and which were not given, were properly
refused. Of these instructions No. 9 is to the effect that the
pecuniary loss to the father alone could be properly allowed,
and the basis for the assessment of damages which the jury
should adopt would be the reasonable value of the services
of his deceased daughter from the time of her death to the
time she reached the age of eighteen years, less the cost of
her support, education and maintenance during that period.
This instruction counsel for the appellant most strenuously

insist ought to have been given. We do not understand the law to be as stated in said instruction. Sec. 2, Chap. 70, Rev. Stat., which is the statute by virtue of which this suit is brought, provides : " Every such action shall be brought by, and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proposition provided by law, in relation to the distribution of personal property left by persons dying intestate, and in every such action the jury may give such damages as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person, not exceeding $5,000. It is quite manifest this section authorizes the recovery of the full amount of damages all the next of kin are entitled to recover, and is not limited to the amount which the father, one only of the next of kin, would be entitled to receive. The question of how much of the judgment each of the next of kin will be entitled to, is to be settled by the Probate Court when the administrator is called upon to make distribution. City of Salem v. Harvey, 29 Ill. App. 487, and cases there cited. We can not say either, that the damages recovered were excessive. Damages of as great an amount in like cases have been held not excessive by our Supreme Court in City of Chicago v. Keefe, 114 Ill. 222, approved in the Wangelin case, *supra.* Nor does the fact that the court required a remittitur to be entered imply that the damages for which judgment was recovered were excessive. L. S. & M. S. Ry. Co. v. Hundt, 41 Ill. App. 220; Chicago Anderson Pressed Brick Co. v. Renbarz, 51 Ill. App. 544; Goldie v. Werner, 50 Ill. App. 397.

No good reason appears for reversing the judgment, and it is affirmed.