## North Chicago Street Railroad Company v. Adelbert W. Olds.

1. BILL OF EXCEPTIONS—*Action by the Court in Relation Thereto.*— All action by the court in relation to bills of exceptions, except the mere signing by the judge, is in its nature judicial. If done after the term, notice is necessary.

2. SAME—*Signing the Same Nunc pro Tunc.*—A bill of exceptions can not be signed *nunc pro tunc.*

3. SAME—*Not Under Seal.*—If the seal of the judge is not affixed to his signature to the bill of exceptions, the bill itself is of no avail.

4. SAME—*Signed After the Expiration of the Time Fixed.*—The signing of a bill of exceptions by the judge, after the time for doing so has expired, is of no legal effect.

5. TRESPASSER—*On Railroads.*—A person who, without right, after being put off a car, follows it up and gets on again, is a trespasser and can not recover if, without the use of unnecessary force, he is injured in being a second time put off the car.

6. SPECIAL INTERROGATORIES.—*To be Question of Fact.*—A special interrogatory—" Was the plaintiff a trespasser when he got on defendant's car the second time?"—is a question of law, and the answer is not to be considered.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

CONSIDER H. WILLETT, attorney for appellee; OSCAR H. McCONOUGHEY, of counsel.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

February 1, 1896, being still within the January term of the Supreme Court, the appellee obtained judgment against the appellant from which it prayed and was granted an appeal, and leave given to file a bill of exceptions within twenty days from that date.

The record shows that on February 18th and again on the 21st, on motion of the appellant's attorney, an order was entered in each instance that the time to file a " bill of exceptions herein be and is hereby extended five days." Giving the most liberal construction to those orders, the time under the last one expired March 2, 1896. The bill of exceptions concludes : " Signed this 4th day of March as of the 21st day of February, A. D. 1896.

JAMES GOGGIN,   [SEAL.]
Judge of the Superior Court of Cook County."

And the original bill of exceptions, which is in the record under a stipulation, is indorsed :   " Filed March 4–96, *nunc pro tunc* as of February 22, '96.

S. D. GRIFFIN, Clerk."

The appellee moves to strike it out.   Below the signature of the judge are the words :   " Presented in open court this twenty-first day of February, A. D. 1896.

JAMES GOGGIN, Judge."

Can we regard these words ?   There is no statute or common law which warrants our doing so.   If the seal were not affixed to the signature to the bill, the bill itself would be of no avail.   French v. Hotchkiss, 60 Ill. App. 580.

Notwithstanding the loose practice in this State contemplates that the parties will be constantly on the watch, so that no notice is necessary so long as the case is pending, and thus the court retains jurisdiction, yet there is so much of safety remaining that on direct proceedings to review, the jurisdiction of the court must be shown by the record. Law v. Grommes, 158 Ill. 492; Morgan v. Campbell, 54 Ill. App. 242.

Now all action by the court in relation to bills of exceptions, except the mere signing by the judge, is in its nature judicial. U. S. Life Ins. Co. v. Shattuck, 159 Ill. 610. Settling the bill is a judicial act. Emerson v. Clark, 2 Scam. 489.

If done after the term, notice is necessary. Railway Passenger, etc., v. Leonard, 62 Ill. App. 477; Heinsen v. Lamb, 117 Ill. 549.

There is no possible reason for presenting a bill of exceptions to a judge other than that he shall settle and sign it, and if it be presented under such circumstances that he has no authority to do either, such presentation is necessarily a mere nullity. Now if we read as evidence of the facts what is written below the signature to the bill, the result is probably that February 21, 1896, some messenger of the appellant came into court, without notice to anybody, poked this bill at the judge, who wrote his name at the end of the words written, and then the messenger went off carrying the bill with him; all of which acts were utterly idle, and of no legal effect.

Whether the position that the parties can not, by agreement, extend the time after the term, is to be adhered to or not (Humphreyville v. Culver, 73 Ill. 485), the mere stipulation under the statute to use the original as part of the transcript, waives nothing as to the original.

The bill of exceptions was signed and filed when all power had ended. Railway Passenger, etc., v. Leonard, Supreme Court, May 12, 1896.

No presumptions in favor of jurisdiction ought to be entertained; if not shown, it should be held non-existent.

The motion to strike out, ought, in my judgment, to be sustained, but neither of my colleagues agrees with me.

This action is for personal injury to the appellee. The case is stated in 40 Ill. App. 421.

On the last trial, at the instance of the appellee, special questions were submitted to the jury, which questions, and the answers by the jury thereto, are as follows:

"Q. Was the plaintiff a trespasser when he got upon defendant's car the second time? A. No.

Q. Did the plaintiff conduct himself in a disorderly manner or use any improper language or conduct himself in any way to give offense to any passenger of defendant? A. No.

Q. Was the plaintiff put off of defendant's car when the same was in motion, and was he put off in a dangerous place? A. Yes."

The first question is of law, and the answer not to be considered.

On the testimony of the appellee himself, he was a trespasser.

He testified that he was shoved off, followed the car and got on again.

We are bound by the law we laid down on the first appeal. Union Mut. Life Ins. Co. v. Kirchoff, 51 Ill. App. 67; 149 Ill. 536.

We therefore hold that the appellee was a trespasser, having been put off the same car but a few moments before by the conductor, and without right re-entered upon the car of the appellant, and that, without unnecessary force, he was put off said car by the conductor for good cause, and without other injury to him than such as resulted from his own wrong, and we reverse the judgment without remanding the case. This course will enable the Supreme Court to decide whether the bill of exceptions is properly in the record; if it is not, this judgment is wrong, and that of the Superior Court should be affirmed. Judgment reversed.