**West Chicago St. R. R. Co. v. James F. Scanlan, Adm'r.**

1. Appeals—*Prayer for, to Appear in the Common Law Record.*—The appropriate place for the prayer and allowance of an appeal is in the common law record of a case and not in the bill of exceptions.

2. Contributory Negligence—*Parent and Child.*—The law does not hold that parents are guilty of such contributory negligence as will prevent a recovery for an accident to a child through the negligence of another.

3. Same—*A Question of Fact.*—Whether parents are guilty of contributory negligence depends upon the circumstances of the case and is a question of fact for the jury under proper instructions by the court.

4. Instructions—*Error in, Will not Always Reverse.*—Where the defects in an instruction are amply cured by other instructions given in the case, so that considering all the instructions, the whole law of the case has been sufficiently given to the jury, the judgment will not be reversed on account of such defects.

5. Damages—*Death from Negligent Act.*—Where the deceased is a minor and leaves parents entitled to his services, the law presumes a pecuniary loss for which compensation may be given under chapter 70, R. S., and such loss may be estimated from the facts proven in connection with the knowledge and experience possessed by all persons in relation to matters of common observation.

6. Same—*When Excessive.*—A verdict for $3,500 for the death of a girl three years and eleven months old, the child of working people entitled to her services during her minority, is excessive.

**Trespass on the Case.**—Death from negligent act. Appeal from the Superior Court of Cook County; the Hon. Nathaniel C. Sears, Judge, presiding. Heard in this court at the October term, 1896. Affirmed if amount of damages is remitted, etc., otherwise reversed and remanded. Opinion filed February 9, 1897.

Egbert Jamieson and John A. Rose, attorneys for appellant.

Case & Hogan and Munson T. Case, attorneys for appellee.

Mr. Presiding Justice Shepard delivered the opinion of the Court.

The appellee has moved that this appeal be dismissed, because it is not shown in the bill of exceptions that the appeal was prayed for and allowed.

The same order, contained in the record proper, or common law record of the case, that was made overruling the motion for a new trial and giving judgment upon the verdict, shows that the appeal was prayed and allowed to this court. That was all that was required.

The appropriate place for the prayer and allowance of an appeal is in the common law record of a case, and not in the bill of exceptions.

To hold that a bill of exceptions is necessary to preserve for review anything which has its appropriate place in the common law record of a case, would be like holding that appeals would not lie, unless aided by a bill of exceptions, for errors apparent on the face of such record—as, for instance, the sustaining or overruling of a demurrer—which has never been held.

Appellee also moves that the bill of exceptions be stricken from the record, and that the judgment be affirmed.

This motion is based upon supposed irregularities in connection with the signing and filing of the bill of exceptions

in the trial court, and expressions employed in opinions in cases in this court are cited as authority for granting the motion. The last of those cases is that of N. C. R. R. Co. v. Olds, 64 Ill. App. 595. In that case the writer of that opinion expressed himself as favoring the motion there made to strike out the bill of exceptions, but, his colleagues not agreeing with him, the case was considered upon its merits as presented by the bill of exceptions.

We observe that two days ago the Supreme Court filed an opinion affirming the judgment entered by this court in that case, and although we have not seen the opinion, it would seem that no such affirmance could have been made without considering that the bill of exceptions was properly in the case. If the bill of exceptions was proper in that case, the one in this case is proper, for the irregularities here complained of were in substance the same as there.

The grounds, therefore, for both of appellee's motions are insufficient, and the case will be considered upon its merits.

The appellee's intestate was a girl three years and eleven months old, in good health and physical condition, and was run over and killed by a horse car operated on Western avenue, Chicago, by the appellant.

Of the numerous errors that are assigned by the appellant, only three are argued, viz., that the verdict was contrary to the evidence; that the verdict was excessive; and that an instruction given for the appellee was erroneous.

While it must be conceded that the witnesses for the appellee did not agree in some particulars with one another, and sometimes did not, on cross-examination, adhere to an entirely consistent account of every detail testified to by them on direct examination, yet as to the main facts there can not in fairness be said to be any uncertainty, and from the whole evidence the jury was justified in finding that the horse car driver was negligent. C. W. D. Ry. Co. v. Ryan, 31 Ill. App. 621, and 131 Ill. 474.

Even though a child of such tender age shall go upon the street and play, in the absence of her parents at work—she

having been left at home by her parents when they went away to their work, in the charge of an older sister ten years of age—the law does not say that the parents are guilty of such contributory negligence as will prevent a recovery for an accident to her through the negligence of another. Whether parents, under such circumstances, be guilty of contributory negligence, is a question of fact for the jury, under proper instructions by the court.

The instruction that is objected to was the only one given for the appellee, and is as follows:

"The court instructs the jury that if they find from the evidence that the plaintiff had made out his case by a preponderance of the evidence, as laid in his declaration, then the jury must find for the plaintiff."

And the objections urged against it are, that it omits the element of the care due by the parents; that it is mandatory, as amounting to coercion upon the jury, in using "must," and that it omits to give to the jury any rule governing their assessment of damages.

The instruction was bad in every specified particular, except, perhaps, as to its mandatory form. T., W. & W. Ry. Co. v. Grable, 88 Ill. 441; City of Chicago v. Major, 18 Ill. 349; L. S. & M. S. Ry. Co. v. Pauly, 37 Ill. App. 203; C., E. & L. S. Ry. Co. v. Adamick, 33 Ill. App. 412; Garland v. C. & N. W. R. R. Co., 8 Ill. App. 571.

And the judgment would have to be reversed, if that instruction were the only one in the case.

But the appellant, by instructions asked and given in its behalf, most amply cured all the defects in the one complained of.

Considering all the instructions, the whole law of the case was sufficiently given to the jury.

The verdict and judgment were for $3,500.

If we were permitted to consider anything more than the bare pecuniary loss to the next of kin, we could not say the verdict was for too much.

The parents were working people, and worked away from home. The oldest sister was fifteen, and was "living out."

The presumption is strong that had the deceased lived to a working age, she too would have joined the ranks of wage-earners, and if so, her parents would have been entitled to her earnings during her minority.    Such fact should be considered, and when it be given its full weight, the result shows, beyond all effort of calculation to the contrary, that the amount awarded is too large.

Where the deceased is a minor, and leaves parents entitled to his or her services, the law presumes a pecuniary loss, for which compensation may be given under the statute, though without the statute no recovery whatever could be had.

It was said, in City of Chicago v. Scholten, 75 Ill. 468, and quoted approvingly in R. R. I. & St. L. R. R. Co. v. Delaney, 82 Ill. 198 : "In such cases the pecuniary loss may be estimated from the facts proven, in connection with the knowledge and experience possessed by all persons in relation to matters of common observation."

The child was not old enough to apply any other of the elements there referred to, but applying what we have quoted to the case at bar—the death of a healthy girl almost four years old, the child of parents to whom her future possible earnings are likely to be of considerable pecuniary value, and herself presumably to join in adding her earnings to their aid and support as soon as her years would permit—we can not by any calculation, even though we permit ideas of extravagance to come in to aid it, conclude that the actual pecuniary loss to the parents, or next of kin, exceeded two thousand dollars.

If, therefore, the appellee shall, within ten days, remit from the judgment recovered all in excess of two thousand dollars, we will affirm the judgment for that amount; but otherwise, the judgment will have to be reversed and the cause remanded; and, in either event, at the cost of appellee.

Affirmed, if remitted down to two thousand dollars, otherwise reversed and remanded.