## West Chicago Street Railroad Co. v. Abram E. Mabie, Adm'r.

1. DAMAGES—*Death from Negligent Act—Where the Action Lies.*—At common law no right of action accrued to an administrator on account of the death of his intestate from the negligence of another. There can be no recovery except under and by virtue of the statute, and that limits the recovery to the pecuniary injuries resulting from such death to the wife and next of kin. A verdict can not be sustained for anything more than the pecuniary injury.

2. PLEADINGS—*In Actions for Damages—Death from Negligent Act —Allegations of Survivorship.*—The fact of survivorship of a widow or next of kin is an essential element of a cause of action, and it is indispensable that it should be alleged and proved.

3. SAME—*Defects Cured by Verdict.*—If the declaration omits to

allege any substantial fact which is essential to a right of action, and which is not implied in, or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure the defect.

4. SAME—*Defects Not Cured by Verdict.*—In an action for damages resulting from the death of a person by the negligent act of another, the fact the deceased left surviving next of kin is a substantial and material allegation, and is essential to the right of action. Its omission is not cured by verdict.

**Trespass on the Case.**—Death from negligent act. Trial in the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court of the First District at the March term, 1898. Reversed and remanded. Opinion filed May 31, 1898.

ALEXANDER SULLIVAN, attorney for appellant; E. J. McARDLE, of counsel.

JOHN F. WATERS, attorney for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

This suit was brought by the appellee as administrator of the estate of Lizzie Knuth, a child between three and four years of age, to recover damages for her death, caused by a grip-car owned and operated by appellant.

The verdict and judgment are for the sum of $4,000. The deceased was less than four years old at the time of her death. At common law no right of action accrued to an administrator in such a case. There can be no recovery except under and by virtue of the statute of this State, which limits the recovery to "the pecuniary injuries resulting from such death to the wife and next of kin." A verdict can not be sustained for anything other than or beyond the "pecuniary injury." There can be no recovery upon the basis of a parent's love. That is priceless. There may be the keenest anguish without pecuniary loss. The evidence will not sustain so large a verdict, there being no evidence of any special pecuniary injury. W. C. St. R. R. Co. v. Scanlon, 68 Ill. App. 626; N. C. St. R. R. Co. v. Wrixon, 51 Ill. App. 307.

As this case must be reversed and remanded for another

trial, for reasons other than the amount of the verdict, we do not express any opinion, further than as above, as to the amount of the judgment, limited, as it must be, to "pecuniary injury."

This is an action under the statute above referred to (Ch. 70, Sec. 26), and is "for the exclusive benefit of the widow and next of kin." An averment is, therefore, necessary in the declaration showing the facts as required by the statute. The only averments the declaration contains on the subject are the following :

"And plaintiff avers that he, as the administrator of the said Lizzie Knuth, by means of the premises was forced to pay, lay·out, expend and become liable for the payment of large sums of money, to wit, the sum of one thousand dollars ($1,000), in and about a proper, decent and appropriate burial of the said Lizzie Knuth; and as the administrator of the said Lizzie Knuth he has, by means of the premises, sustained and suffered great loss, injury and damage, to wit, the sum of five thousand dollars ($5,000).

"Wherefore, in accordance with the statutes in such cases made and provided an action has accrued to the plaintiff as administrator of the goods, chattels and effects of the said Lizzie Knuth, for the exclusive benefit of the father and the mother and the next of kin of the said Lizzie Knuth, to demand for, of and from the said defendant the said several sums of money above demanded in manner and form as is hereinabove alleged, and therefore he brings his suit."

Nowhere in the declaration is there any averment that the deceased in fact left her surviving any next of kin. Unless there be next of kin, there is no cause of action. In L. S. & M. S. Ry. Co. v. Hessions, 150 Ill. 546, 556, it is said that "It is the settled law that the fact of survivorship of a widow or next of kin is an essential element of a cause of action, and it is therefore indispensable that it should be alleged and proved. C. R. I. & P. Ry. Co. v. Morris, 26 Ill. 400; Quincy Coal Co. v. Hood, 77 Id. 68; Safford v. Drew, 3 Duer, 627."

The language of the declaration in this case is simply and

only to the effect that under the statute a cause of action has accrued to the administrator for the benefit of, but without stating definitely that there are any next of kin. The declaration should state that there are next of kin, and who they are and what the relationship is.

On behalf of appellee it is urged that this defect is cured by verdict. "The rule is, if the declaration omits to allege any substantial fact which is essential to a right of action, and which is not implied in or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure the defect." Bowman v. The People, 114 Ill. 474, 477.

It is not "implied in or inferable from" the allegations that the deceased lost her life by reason of the negligence of appellant, that she left her surviving any next of kin, a " substantial fact which is essential to a right of action," an " essential element of a cause of action."

In the case of Quincy Coal Co. v. Hood, Adm'r, 77 Ill. 68, which was an action under this same statute, the declaration did aver that the deceased left him surviving next of kin, and stated who it was, viz., the father. Upon the trial the plaintiff was permitted to show that there were next of kin other than the one named in the declaration, viz., a mother and brothers and sisters. This was held to be erroneous and not cured by verdict.

The judgment of the Circuit Court is reversed and the cause remanded.