ABRAHAM L. GRAHAM, ADMINISTRATOR, &c., v. THE CONSOLIDATED TRACTION COMPANY.

Submitted March 28, 1898—Decided June 13, 1898.

In suits to recover for personal injuries, or for death by wrongful act, a verdict which is grossly excessive will be set aside, without regard to the number of times the case has previously been tried.

On rule to show cause, &c.

Before Justices LIPPINCOTT, GUMMERE and LUDLOW.

For the rule, *Abram Q. Garretson.*

*Contra, McEwan & McEwan* and *Frank M. Hardenbrook.*

The opinion of the court was delivered by

GUMMERE, J. Melville T. Graham, a child between four and five years of age, was run over by one of the cars of the defendant company and killed, on the 10th day of April, 1896, and this suit was brought by his administrator to recover the pecuniary loss sustained by the next of kin of said decedent by reason of his death. The case came on at the Hudson Circuit, at the September Term, 1896, and resulted in a verdict for the plaintiff for the sum of $5,000. A rule to show cause why the verdict should not be set aside and a new trial granted was allowed by the trial judge, and, on the hearing of the rule, this court directed that the verdict be set aside as " absurdly excessive," and a *venire de novo* issued,

unless the plaintiff would consent to have his verdict reduced to $1,000.

The plaintiff having refused to consent to the reduction, the rule to show cause was made absolute.

The case came on to be tried a second time, at the October Term, 1897, and, at that trial, a second verdict was rendered in favor of the plaintiff for $5,000. A second rule to show cause having been allowed by the trial judge, we are now asked by the defendant to direct a third trial, for the same reason that a second one was ordered.

This application should prevail. As has already been said, in effect, by this court, it is patent that when damages, in a case of this kind, are assessed by the jury at such a sum as $5,000, they are not estimated upon any correct legal principle. Our statute confines the amount of the recovery in such cases to the pecuniary injury sustained by the next of kin by reason of the death of the decedent; and that injury, as was said by Chief Justice Beasley in *Paulmier* v. *Erie Railroad Co.*, 5 *Vroom* 151, 158, "is nothing more than a deprivation of a reasonable expectation of a pecuniary advantage which would have resulted by a continuance of the life of the deceased."

Children are more often an expense than a pecuniary benefit to the father. If at the father's death an account was stated showing, on the one side, the moneys expended by him in the education, maintenance and support of the child, and, on the other side, the moneys received by the father from his child, in a majority of every hundred cases the moneys expended for the benefit of the child would be found to be far in excess of the amount received from him. And yet, on the theory upon which this verdict is based, the larger a man's family is the more likely is he to die rich. In the present case, if the father of the decedent had a reasonable expectation of being benefited, in dollars and cents, to the extent of $5,000, by the continuance of the life of his deceased child, a family of ten sons would justify the assumption that at his death he would be better off by $50,000 than he would be if he had never had issue. The mere statement of such an assumption makes its absurdity apparent.

The verdict in this case is so excessive as to make it clear that it is not the result of the dispassionate, unprejudiced action of the jury.

But we are told that, even if we should be of opinion that the verdict is excessive, we should not disturb it, because it is the established practice of this court not to disturb the second of two concurring verdicts on this ground. I know of no such practice, but if it exists it should certainly be abandoned, so far as verdicts in suits to recover for personal injuries, or for death from wrongful act, are concerned. In those cases the court never disturbs the verdict merely because it would have assessed the damages at a different amount if it had been sitting as a jury. It only interferes where the verdict is so out of the way as to justify the inference that it is the result of passion, prejudice, partiality or corruption.

But when it is apparent that such is the case, the duty of the court is plain. Nor does it grow any less plain because of the fact that another jury, on a former trial, had shown, by a verdict similar to that complained of, an equal disregard of the duty which had been imposed upon it. A wrong by being persevered in does not, therefore, become a right; nor does a verdict cease to be excessive by reason of repeated renditions. Just as often as a plaintiff persists in seeking and a jury in rendering verdicts which are palpably and grossly excessive, just so often it is the duty of this court to continue to set such verdicts aside.

The rule to show cause in this case should be made absolute.