## East St. L. Electric Ry. v. Rachel E. Snow, Adm.

1. PRACTICE—*Challenge of Jurors for Cause and Peremptorily.*— The tendency of modern practice to submit the whole question of the qualifications or competency of the proposed jurors to the court has in in a great measure abolished the distinction between challenge for cause and peremptorily.

2. NEGLIGENCE—*What is Equivalent to a Willful or Wanton Act.*— What degree of negligence the law considers equivalent to a willful or wanton act is as hard to define as negligence itself, and in the nature of things is so dependent upon the particular circumstances of each case as not to be susceptible of general statement. It is such gross want of care and regard for the rights of others as to justify the presumption of willfulness or wantonness.

3. EVIDENCE—*What is Admissible Under Allegations of Negligence.*—Where the declaration is not based upon a statute or city ordinance, but consists of a general charge of negligence and willful and wanton conduct in the management of the car, all the attending facts and circumstances are proper to be given in evidence.

Action in Case, for personal injuries. Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the August term, 1899. Affirmed. Opinion filed March 16, 1900.

CHARLES W. THOMAS, attorney for defendant.

F. C. SMITH and M. MILLARD, attorneys for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action on the case in the city court of East St. Louis, by appellee against appellant, to recover damages

resulting to the next of kin of appellee's intestate, by reason of his death.

Trial by jury.   Verdict for $3,000.   Remittitur $1,000. Judgment in favor of appellee for $2,000.

The declaration alleges that the defendant, on the 28th day of July, 1897, was operating a street railway on and along Collinsville avenue in the city of East St. Louis; that John Gladdeau, being then and there a minor of tender years, to wit, seven years old, was then and there passing on and over and along said Collinsville avenue, which was a public street of said city, with such care and diligence as one of his youth was capable of exercising; and while he was so passing along said avenue, defendant willfully, wantonly, negligently and improperly managed and controlled its electric motor car on said railroad, and willfully, wantonly, and negligently then and there ran over and drove same against the same John Gladdeau, whereby he was thrown to the ground and run over, and injured so that he died.   And that the said John Gladdeau left surviving him his mother, Rachel E. Snow, who was his only next of kin, and that the said next of kin was thereby deprived of her means of support, to the plaintiff's damage as administratrix of five thousand dollars.   Plea, not guilty.

After the jury was called into the box, appellant challenged three of them peremptorily, and three more were called in their stead, viz:   David Travis, Louis Merod and William Grant.   These were examined on behalf of appellant, and appellant's counsel then stated to the court " that it had no grounds for challenge for cause as to either of the three jurors, but challenged the juror Grant to the favor, and demanded triers at the common law.   The .demand of the defendant was denied by the court and the defendant excepted.   The same demand was severally made as to the jurors Travis and Merod, and the court denied the demand as to each of the said jurors, and the defendant excepted." This action of the court is assigned as error.

There were at common law, at the date of the granting of the charter for the settlement of Virginia, many princi-

pal grounds for challenge of a juror, "grounds for challenge
for principal cause." Such of these as are of general
nature and as are applicable to our society and institutions,
except in a few instances where abrogated by statute,
together with a number of other causes expressly created
by statute, are now in full force in this State. Challenges
for principal cause were tried and determined by the court,
but when no grounds existed for challenge for principal
cause, and a party conceived that the juror did not stand
indifferent between the parties, he might challenge "to the
favor," and the validity of the challenge was submitted to,
and determined by triers. Ordinarily two jurors already
accepted and sworn in the case constituted the triers, but
if a juror was challenged to the favor, before any juror had
been accepted, the court appointed two disinterested per-
sons as triers, and after they had tried the juror, if they
found him not indifferent, as between the parties, the chal-
lenge was allowed, and if they found him to be indifferent
he was sworn as a juror in the case. Then he and the two
triers together tried the next juror so challenged, and when
another was found to be indifferent and sworn, the two
original triers were superseded, and the two jurors thus
selected tried such of the remaining ones as were challenged
to the favor.

The distinction between the grounds for challenge for
principal cause and to the favor, as they anciently existed,
is hard to mark, and in most instances is purely technical
and arbitrary.

"The tendency of modern practice, to submit the whole
question of the qualifications or competency of the pro-
posed jurors to the court, has in a great measure abol-
ished this distinction." Ency. of Pleading and Practice,
Vol. 12, page 469.

In Proffatt on Jury Trials, at page 191, it is said, "it is
not too much to say that in a short time we shall only read
of it as a fanciful distinction."

There is no complaint here that the court refused to hear
evidence as to the competency of any of the jurors chal-
lenged, but only that the judge did not appoint triers and

East St. L. Electric Ry. v. Snow.

proceed to try them after the manner of the practice at common law. Our statute in many respects directly abrogates and supersedes the common law procedure in the manner of calling and selecting a jury. The common law did not allow to a party the right of peremptory challenge in any civil action, nor in any criminal case other than in a case calling for the death penalty. This right was first secured to litigants in this State by a statute approved February 17, 1823. Under the privilege granted by this statute, when a party has no grounds for challenge for cause, and conceives that he has grounds for suspicion that a juror does not stand indifferently, he may challenge a specified number " without cause." Since the passage of this statute, so far as we are advised, there has not been in this State, any practical distinction observed in the procedure, between cases where the challenge was for the principal cause and where it was to the favor only. The court has acted as trier upon all challenges touching the qualification or fitness of jurors.

The jury returned with the general verdict a special finding that the injury was inflicted wantonly, and appellant's counsel insist that there is no evidence tending to support this finding.

And in this connection they insist that for the same reason it was error for the court to give certain instructions complained of, relative to willfulness and wantonness. In L. S. & M. S. Ry. Co. v. Bodemer, 139 Ill. 596, our Supreme Court says :

" The jury were authorized to look at the conduct. * * * What degree of negligence the law considers equivalent to a willful or wanton act is as hard to define as negligence itself, and in the nature of things, is so dependent upon the particular circumstances of each case as not to be susceptible of general statement. * * * It is such gross want of care and regard for the rights of others as to justify the presumption of willfulness or wantonness."

And in E. St. L. C. Ry. Co. v. O'Hara, 150 Ill. 580, the court, in speaking of certain conduct in the management of a train, says :

" Such acts would be liable to the construction of being

in wanton and willful disregard of the rights and safety of the public generally, so as to amount in law to wanton and willful negligence. And it was not necessary, in order to raise an inference of such negligence, to prove that the defendant's servants were actuated by ill will directed specifically toward the plaintiff, or to have known that he was in such position as to be likely to be injured."

The testimony in this case tends to show that appellant's car was being run with the fender up, along a much traveled street, in a populous city, at a very high rate of speed, that no gong was being sounded nor other warning of its approach or progress given, and that the motorman in charge of the car had his head turned from the front and was talking to a person back inside the car. We can not say, as matter of law, that this evidence does not tend to prove wantonness.

During the trial the court, over the objection of appellant, allowed appellee to prove that the motorman did not ring the bell. Appellant's counsel contend this was error, because there is no statute requiring a street car to carry or ring a bill, and because there is no averment in the declaration charging failure to ring a bell. The declaration is not based upon a statute or city ordinance. It consists of a general charge of negligence, and willful and wanton conduct in the management of the car. Under this declaration all the attending facts and circumstances were proper to be given in evidence. Chicago City Ry. Co. v. Jennings, 157 Ill. 274. The court admitted evidence of the deceased child's characteristics for intelligence and discretion. Of this appellant complains. This evidence was competent, on the question as to the character of the mother's conduct in sending the child on an errand across the street and also on the question of the amount of damages sustained by reason of his death.

It is urged that the mother of the deceased child was guilty of negligence in sending the child unattended into the street, and that her negligence is imputable to the child. Under the evidence in this case, to the extent that it is a material question at all, it is not one of law for the court, but one of fact for the jury, whether or not the mother was guilty of negligence.

It is finally urged that the damages, notwithstanding the remittitur, are excessive. The amount for which judgment was rendered is not in excess of what our courts have many times sustained under very similiar circumstances.

We find no substantial error in this record. The judgment of the City Court of East St. Louis is affirmed.