## Chicago, R. I. & P. Ry. Co. v. Richard E. Burke, Adm'r.

1. REMITTITUR—*On Suggestion of the Appellate Court.*—In a case where the Appellate Court is of the opinion that the evidence justifies a recovery, but that the verdict is too large, it may affirm the judgment on condition that a portion of it is remitted, otherwise that it be reversed and remanded.

**Trespass on the Case.**—Death from alleged negligence. . Appeal from the Circuit Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed on remittitur, otherwise reversed and remanded. Opinion filed April 4, 1902.*

About nine o'clock in the morning of the 3d of May, 1897, Annie Hart, the deceased, a child nine years of age, and her sister, Isabella Hart, younger than ·Annie, were walking westward at the intersection of Canal and Grove streets, in the city of Chicago, when Annie was killed by coming in contact with one of appellant's trains proceeding at from four to five miles an hour. Annie and her sister came upon Grove and Canal streets from a driveway directly north of Louis Hutt's factory, which is at the corner of Grove and Canal streets, in the city of Chicago. The train came from the east and was going southwest upon the tracks of the appellant over and across Grove street. Annie died within ten or fifteen minutes after she was collided with. Upon suit brought by appellee, a judgment for $5,000 was obtained, from which this appeal is prosecuted.

BENJ. S. CABLE, attorney for appellant; ROBERT MATHER and W. T. RANKIN, of counsel.

THEODORE G. CASE, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Whether the deceased was struck by the front of the train or by some portion thereof, after the engine had passed, as

---

* Remittitur filed and cause affirmed April 4, 1902.

whether the engine bell was ringing before and at the time of the accident, were, upon the trial, disputed questions.

Some of plaintiff's witnesses testified that the engine drawing the train was proceeding with its tender in front, others that the engine preceded the tender.

Four employes of appellant were upon the engine. Some of these testified that the bell was ringing, as at a street crossing it should have been; another that he could not tell because he was used to its ringing. They also testified to seeing these little girls standing beside the track; and Mr. Merriam, a switchman riding on the engine, testified that he spoke to the largest of the two girls and told her to stand back; she was so close to the engine; two others corroborate him in this. The engine and train went on without stopping; no one upon it knew of the accident until informed by a policeman some time thereafter, at Twenty-third street and Archer avenue.

Isabella Hart, not being sworn, at the coroner's inquest, stated that a man, whom she did not know, seized her sister and threw her under the train.

The evidence in this case is such that a majority of the court are disinclined to set aside the judgment other than as regards its amount.

We regard the verdict for $5,000 as clearly excessive.

Undoubtedly the next of kin of this child would have scorned with contempt an offer of the entire Rock Island and Pacific Railway as compensation for acquiescing in the death of this little one. The law does not attempt to award a *solatium*.

There are affections which money can not purchase and losses for which it can not compensate. It is for the pecuniary loss alone that damages can be obtained; not for the hurt of the departed or grief at her taking away. Chicago & Alton Ry. Co. v. Becker, 84 Ill. 483; North Chicago Street Railway Co. v. Wrixon, 51 Ill. App. 307; City of Chicago v. Scholten, 75 Ill. 468; Rockford, R. I. & St. L. Ry. Co. v. Delaney, 82 Ill. 198.

In the last cited case the Supreme Court approved of the

following instruction therein, given upon the subject of damages:

The jury "should take into consideration the value of the services of the deceased from the time of his death until he would have been twenty-one years of age, deducting therefrom what it would be worth to feed and clothe him during that period as proved." See also: West Chicago Street Ry. Co. v. Scanlan, 68 Ill. App. 626; West Chicago Street Ry. Co. v. Mabie, 77 Ill. App. 176; Chicago & N. W. Ry. Co. v. Des Lauriers, 40 Ill. App. 654; Baltimore & Ohio, S. W. Ry. Co. v. Then, 59 Ill. App. 561; East St. Louis Ry. Co. v. Snow, 88 Ill. App. 660; Consolidated Traction Co. v. Graham, 40 Atl. Rep. 773; Graham v. Consolidated Traction Co., 44 Atl. Rep. 964.

We do not think that the giving of instruction number thirteen can have influenced the jury in their deliberations; nor are we prepared to say that the instruction was error.

If the plaintiff shall within ten days remit to $3,000 as of the date of the judgment, it will be affirmed for that sum, otherwise the judgment will be reversed and the cause remanded.