By the Court. Woodruff, J.—This
cáse came before the general term in January, 1858, on appeal from a judgment in favor of the plaintiffs. It appeared from the case a.s there presented, that the judge presiding at the trial had charged the jury that “ if the jury believed that the brakes of the defendants’ car were not in good or sufficient working order, so that they were inefficient for the purpose of checking the progress of the car; and if they were satisfied that the driver of the car had time enough, after he discovered the dangerous position of the stage, to have avoided the collision by the application of the brakes, if they had been in good order, then the plaintiffs were entitled to recover, notwithstanding the plaintiffs’ driver (of the stage) was guilty of imprudence or carelessness in getting into such a position.”
*337 This instruction was held by the general term, erroneous, and the judgment was reversed, and a new trial ordered for this error. (See the case reported 2 Bosw. 374, and see note on page 380.)
On such second trial, the chief justice charged, in general terms, and with great distinctness, that if both drivers were negligent and the negligence of both contributed to • produce the collision and injury, it is immaterial which was most to blame; that if the negligence of both drivers concurred to produce the injury, the plaintiffs cannot recover. But he also charged, in view of the claim of the plaintiffs, that the brakes attached to the defendants’ car, were not in proper working order, as follows:
“ If, when the driver of the down going car saw him (the driver of the plaintiffs’ stage) attempting to cross (the track) to the west, the driver of the car going down, by ordinary care, could have slackened the speed of his car, if the brakes had been in good order, so as to have avoided a collision, the company (the defendants) would be liable.”
We are not able to reconcile this instruction with the former decision above stated. This instruction imports, by obvious implication, that, although the driver was active and diligent to the utmost of his power in the use of all the means at his command, and was therefore entirely free from the imputation of negligence; still, if his diligence was ineffectual by reason of imperfection in the brakes, the defendants are liable notwithstanding the plaintiffs’ servant may have been guilty of negligence in attempting to cross the track in front of the defendants’ car. In other words, if the defendants were negligent in not keeping the brakes in good order, they are liable, although the negligence of the plaintiffs concurred therewith in producing the injury.
It is unquestionable that the defendants were bound to keep the brakes of their cars in good working order, and they were bound to cause them to be driven through the streets in a careful and proper manner; and if, in either *338 particular, the defendants neglected to perform their duty, they are liable to whomsoever is without any concurring fault or negligence injured thereby, and only to such as are free from such concurring fault or negligence.
This proposition was stated to the jury in so far as relates to the defendants’ duty to cause their cars to be properly ■ driven, and also that if both drivers were in fault and the negligence of both concurred to produce the collision and injury, the plaintiffs could not recover.
The same rule is applicable to the duty of the defendants, to keep their brakes in order. If, in this respect, the defendants were negligent and the driver of the- stage was also negligent, and such negligence of both concurred to produce the injury, the plaintiffs were not entitled to recover.
Or to present the question in another aspect: If it was negligence to attempt to drive through the streets a car which was not furnished with proper brakes, in good order, still, if the negligence of the plaintiffs concurred with that of the defendants in causing the injury, the defendants are not liable.
If the driver of the car, after he saw the dangerous position in which the plaintiff’s driver had negligently placed himself and'his stage, could, by ordinary care in the use of the means which were then at his command, have arrested the progress of the car and so have prevented the injury, it was his duty to use that care; but if the plaintiffs’ servant was, by his own negligence, placed in a situation of danger, proof of mere negligence on the part of the defendants in not having kept their brakes in good order, only proved a case of concurring negligence of both parties, for the consequences of which, neither was liable to the other.
This, we understand, to be the decision of the general term when this case was before the court on the former appeal. We forbear, therefore, from discussing the questions at length or reviewing the authorities.
The order appealed from must be reversed, and a new trial must be ordered, costs to abide the event.
Ordered accordingly.