BRADY (BANK OF ILLINOIS v.). See Case No. 888.

━━━━━

## Case No. 1,796.

### BRADY v. CHICAGO.

[4 Biss. 448.][1]

Circuit Court, N. D. Illinois. June Term, 1865.

MUNICIPAL CORPORATIONS—LIABILITY FOR TORTS—DEFECTIVE BRIDGE — DUTY OF PEDESTRIAN — DAMAGES.

1. It is incumbent upon a pedestrian, crossing a swing bridge, to use reasonable care and caution, even though the city was negligent; and if he fails to do so, his administratrix cannot recover damages for his death.

2. Under the Illinois statute, only the amount of the actual pecuniary loss can be allowed; nothing can be added for grief or loss of society.

At law. Action by Mary Brady, as widow and administratrix, for pecuniary loss caused by the alleged wrongful act of the city of Chicago, occasioning the death of her husband, John Brady.

The following is the statute of Illinois, under which the action was brought. (Laws Feb. 12, 1853; 1 Gross' St. 60):

"§ 1. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such

as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or company or corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"§ 2. Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person, not exceeding the sum of $5,000,—provided, that every such action shall be commenced within two years after the death of such person."

DRUMMOND, District Judge (charging jury). It seems that on the evening of the 28th of November, 1864, the deceased, John Brady, with his fellow-laborer Peter Cole, after having finished their day's work on the South Side, in Chicago, were proceeding homeward to the north side of the river. They were on the east side of Clark street and on the east side of the bridge. The bridge was being opened. They stepped on the bridge, and that end of the bridge turned to the west, and it remained east and west for a vessel to pass, they remaining on the same side of the bridge. The bridge was then swung round to its position. Of course the north side of the bridge would first strike the abutment and enable a person on the bridge if he so chose, to get off from that side of the pivot bridge. Some conversation took place between Cole and Brady as to the actual condition of affairs at the time. It seems that Brady was anxious to proceed, and Cole stated to him that he had better not be in a hurry, or something like that, and referred to what was near being an accident to Brady on a former occasion. The night was dark, and the gas was not bright and did not shed much light upon that end of the bridge. Brady, it seems, was somewhat in advance of Cole, and as the east side of the north end of the bridge was swinging past what is called "the protection," running nearly parallel with the bridge, and some distance from it on the west side of the abutment, he sprang or stepped from the bridge on to this "protection," which consists of a series of piles driven at intervals, and fastened together by timbers,

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

and planked over so as to constitute something like a walk, or what looks like one. While doing this, he was spoken to by Cole, and in the act of turning round he lost his balance and fell into a boat lying in the river below, and injured himself so much that he died in a very short time. These seem to be the principal facts.

The case proceeds upon the ground of negligence on the part of the city, and mainly, if not solely, because this protection, or planking on the protection, naturally has the appearance of a sidewalk, and it is insisted there should have been something there to prevent a person from stepping on it; and it is also claimed there was not sufficient light at the time to enable a person to judge between the protection and the actual sidewalk or pathway of the abutment to the bridge.

There must be negligence shown on the part of the city before the plaintiff can recover. It is contended by the counsel for the plaintiff that it was the duty of the city to have there the means to throw so much light upon the end of the bridge as to enable a person to see clearly where he was about to step as he passed from the moving part of the bridge on to the abutment or on to the protection. Not much controversy has been made upon this point by the counsel for the defense. Ordinances have been referred to which it is said make it the duty of the city to have the streets properly lighted. The testimony of Mr. Cole upon this point, seems to be strong to the effect that there was not sufficient light. He says that it was very dark, and that the protection looked like the sidewalk of the bridge. As I understood him, it was difficult to distinguish between them in consequence of the want of proper light. It seems, in point of fact, that subsequently, and perhaps in consequence of this accident, the city did place some reflectors there, which improved or increased the light. It is thus apparent that there was not as much light there as it was in the power of the city to produce.

As to the erection of a barrier upon the protection, I feel somewhat at a loss to give any instruction upon that point, because the witnesses have not been very fully interrogated about it, and there may be some reason for not placing it there which might not occur to us. But it was the duty of the deceased, admitting that there was negligence on the part of the city authorities, to exercise reasonable care and caution, all things being considered as they existed at the time, and unless he did so the plaintiff cannot recover in this case. The position of defendant is undoubtedly correct, that a different degree of care is requisite when it is dark or in the night-time from what ought to be exercised during the day. It is proper to consider the warning which was given him, in order to determine the issue, not that he was necessarily careless, in consequence, but as one of the elements to enter into the case, and to show whether he acted prudently and with reasonable watchfulness and vigilance. Also, of course, we must take into consideration the fact that the bridge was moving. I have sometimes thought that it was a serious question whether foot-passengers ought to attempt to cross until the bridge ceased to move, but I give you no instruction on that point, leaving it as a matter of fact to be found by you.

If you shall find, under the instructions the court has given you, and under the facts, that the plaintiff may recover, then the next question would be, what damages the plaintiff would be entitled to.

This action is given by virtue of an express statute of the state. It could not be maintained at common law. The action is brought to recover for the pecuniary loss which has been sustained—nothing more or less; nothing for sorrow or grief which have been occasioned by the death of the person; nothing for the loss of society. The action is to be brought by the representative of the party for the benefit of the heirs and legal representatives. This woman was the wife of the deceased; is his administratrix, and she brings the action for the benefit of herself and her child, and if you shall think that she is entitled to recover, the question is, what pecuniary loss have they sustained in consequence of the death of the husband and father?

He was a painter by trade. He was a young man, about twenty five or six years of age. He was the only support of his wife and child. The damage, of course, in cases of this kind it is difficult to fix definitely. It is only by an approximation that we can arrive at the pecuniary loss which has been sustained. Although he was a young man, and a man of average constitution, his life was uncertain. He might die very soon, or he might live long. He might be sick or well. He might earn much or little. These things depend upon a thousand accidents and contingencies of human life and providence. All that we can do in relation to them, of course, is to use our own experience and our own observation, with such light as the evidence may reflect upon the subject, and approximate as nearly as we can to the pecuniary loss. It cannot exceed $5,000, but of course it may be any amount less than that.

Verdict for plaintiff.

NOTE [from original report]. To maintain an action for negligence, there must be fault on the part of the defendant and no want of ordinary care on the part of the plaintiff. In proportion to the negligence of one party should be measured the degree of care required of the other. Where there are faults on both sides, the plaintiff may in some cases recover,—where his negligence is comparatively slight, and that of the defendant gross. Galena & C. U. R. Co. v. Jacobs, 20 Ill. 478; Chicago, B. & Q. R. Co. v. Dewey, 26 Ill. 255; Same v. Hazzard, Id. 373; Chicago & A. R. Co. v. Pondrom, 51 Ill. 333; Chicago & A. R. Co. v. Hogarth, 38 Ill. 370; Chicago, B. & Q. R. Co. v. Triplett, Id.

482; Same v. Payne, 49 Ill. 499; Chicago & N. W. R. Co. v. Harris, 54 Ill. 528; St. Louis, A. & T. H. R. Co. v. Todd, 36 Ill. 409. But see Aurora Branch R. Co. v. Grimes, 13 Ill. 585; Dyer v. Talcott, 16 Ill. 300. Negligence of the plaintiff will not bar a recovery for defendant's negligence, unless it directly contributed to the injury caused by defendant's negligence. Short v. Knapp, 2 Daly, 150; Thrings v. Central Park R. Co., 7 Rob. [N. Y.] 616. Therefore, where the plaintiff's negligence does contribute to the injury, he cannot recover. Spooner v. Brooklyn City R. Co., 36 Barb. 217; Owen v. Hudson River R. Co., 2 Bosw. 374, 35 N. Y. 516; Burke v. Broadway & S. A. R. Co., 49 Barb. 529. As to the rule of damages in this class of cases, see Barley v. Chicago & A. R. Co. [Case No. 997], and notes to that case.