STUART KAISERMAN, Indiv. and as Adm'r of the Estate of Jeffrey Kaiserman, Deceased, *et al.*, Plaintiffs-Appellants and Cross-Appellees, *v.* EDWARD BRIGHT *et al.*, Defendants-Appellees and Cross-Appellants.

First District (3rd Division)    No. 76-849

Opinion filed May 24, 1978.

Fohrman, Lurie, Holstein, Sklar & Cottle, Ltd., of Chicago, for appellants.

Clausen, Miller, Gorman, Caffrey & Witous, of Chicago, for appellees.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:
This is an interlocutory appeal pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1975, ch. 110A, par. 308) from an order of the Circuit Court of Cook County granting in part and denying in part the defendants' motions for dismissal of certain counts of the plaintiffs' second amended complaint. Three issues are presented for review: (1) whether recovery can be awarded for loss of society under a wrongful death action, (2) whether Illinois recognizes a cause of action for the negligent infliction of emotional distress and (3) whether the court committed error in denying Scholastic Transit Company's motion to dismiss count XXVII for failure to state a cause of action.

On December 23, 1975, the plaintiffs filed a 48-count second amended complaint seeking to recover damages relating to the death of Jeffrey Kaiserman, a minor. The plaintiffs are the estate of the deceased child and his parents and sisters. They allege that Jeffrey alighted from a privately owned school bus in front of his home at approximately 6:30 p.m. on October 30, 1973. As he was crossing the street he was struck by a taxicab driven by Edward Bright and his body was thrown into his front yard.

Upon hearing the screech of brakes, Stuart Kaiserman, Jeffrey's father, ran out of the house and saw his son lying on the ground; Jeffrey's mother and three sisters also ran out of the house at the sound of the screeching brakes and observed the boy lying fatally injured in their yard. Jeffrey died in his father's arms a few minutes after the accident. The defendants who are parties to this appeal are: Edward Bright, Better Cab Association, Taxicab Service, Inc., Kenneth Atwater, Tween Trails Day Camp, Inc., Howard Becker d/b/a Tween Trails Day Camp, Inc., Scholastic Transit Co., Arnie Fedder, individually and d/b/a Crawford and Simpson Union Oil Service and Fred Pulver, individually and d/b/a Bell Garage and Brake Service. The second amended complaint included counts based on negligence and on willful and wanton negligence seeking damages for the bodily injuries sustained by Jeffrey which injuries proximately caused his death; for loss of society caused by the death of Jeffrey and for the emotional distress suffered as a result of Jeffrey's death.

The defendants, named herein, moved to dismiss those counts of the second amended complaint which sought damages based on the alleged willful and wanton negligence, on the alleged negligence which caused the loss of society and on the alleged negligence which caused the emotional distress. In addition, Scholastic Transit further moved to dismiss the negligence count against it for failure to state a cause of action. The circuit court, on June 22, 1976, granted the defendants' motions as to the willful and wanton counts and those counts alleging injury for loss of society. The court, however, refused to dismiss those counts seeking recovery on the negligent infliction of emotional distress theory and denied that portion of Scholastic Transit's separate motion for dismissal for failure to state a cause of action.

With the court's permission, pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1975, ch. 110A, par. 308), both plaintiffs and defendants have appealed from portions of the Circuit Court's order. The plaintiffs appeal from the court's dismissal of those counts seeking recovery for the loss of society; the defendants specifically named above cross-appeal from the court's refusal to dismiss those counts which rely upon the theory of negligent infliction of emotional distress. Scholastic Transit also cross-appeals from the denial of portions of its separate motion.

The plaintiffs suggest that there exists no specific Illinois authority which precludes the consideration of loss of society as an element of damage, although they concede that Illinois courts generally limit damages in wrongful death suits to the actual economic loss suffered by the survivors as based upon the decedent's earning power and disposition to contribute to the welfare of his family. In asking this court to permit such a recovery, they cite a number of authorities from other jurisdictions in which such recovery has been permitted, arguing that the modern

trend of the law is towards the liberalization of the traditional "pecuniary loss" test. The need for such liberalization, they assert, is particularly acute where, as in this instance, the decedent is a minor child.

■■■ Under the Wrongful Death Act (Ill. Rev. Stat. 1975, ch. 70, par. 2), recovery is limited to "such damages as they [the jury] shall deem a fair and just compensation with reference to the pecuniary injuries resulting from [the] death." As the plaintiffs recognize, Illinois courts normally limit recovery under this provision to the actual economic loss suffered by the survivors primarily measured by the value of the decedent's contributions to the family unit. (See *Graul v. Adrian* (1965), 32 Ill. 2d 345, 205 N.E.2d 444; *Allendorf v. Elgin Joliet & Eastern Ry. Co.* (1956), 8 Ill. 2d 164, 133 N.E.2d 288, *cert. denied* (1950) 352 U.S. 833, 1 L. Ed. 2d 170, 77 S. Ct. 219.) Illinois courts also allow recovery by a minor for the loss of instruction and moral, physical and intellectual training brought about by the death of the father. (*Goddard v. Enzler* (1906), 222 Ill. 462, 78 N.E. 805; *Anthony Ittner Brick Co. v. Ashby* (1902), 198 Ill. 562, 64 N.E. 1109.) We also note that the courts have provided a broad scope to the concept of "pecuniary injuries" by bestowing upon the widow and lineal kinsmen of a decedent a presumption of pecuniary loss which is sufficient to sustain a verdict and a judgment awarding substantial damages without proof of actual loss. (*Baird v. Chicago, B. & Quincy R.R. Co.* (1976), 63 Ill. 2d 463, 349 N.E.2d 413; *Hall v. Gillins* (1958), 13 Ill. 2d 26, 147 N.E.2d 352.) Nevertheless, courts have specifically refused to include within the scope of pecuniary losses any recovery for loss of society. (*Zostautas v. St. Anthony De Padua Hospital* (1961), 23 Ill. 2d 326, 178 N.E.2d 303; *Conover v. Harrisburg & Southern Coal Co.* (1911), 161 Ill. App. 74; *Chicago, R.I. & P. Ry. Co. v. Burke* (1902), 101 Ill. App. 486; *Brady v. City of Chicago* (N.D. Ill. 1865) (No. 1796), 3 F. Cas. 1196.) Thus, we feel that it is firmly established in Illinois that no recovery may be obtained in a wrongful death action for the loss of society.

The second amended complaint also contained counts against each defendant in which the parents and siblings of Jeffrey Kaiserman alleged that the defendants' negligent conduct resulted in emotional injuries. The allegations relating to the claimed injuries were stated as follows:

"That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of defendants, plaintiffs were caused to observe the adored body and person of JEFFREY being struck by an oncoming vehicle and/or laying fatally injured in front of their residence immediately after hearing the screech of brakes and as a further proximate result of said negligence they were caused to suffer undue and extreme mental anguish and suffering, anxiety, mental illness, fright, and shock resulting in their

having to seek medical care, attention, and treatment, endeavoring to be cured of said illness."

The Circuit Court refused to dismiss those counts for failing to state a cause of action and the defendants have cross-appealed from that decision.

On appeal, the defendants take the position that in Illinois recovery for emotional distress caused by negligent conduct can be obtained only when the negligent conduct resulted in a physical impact upon the party claiming injury and only when the emotional disturbance is accompanied by a physical injury. The defendants contend that since the plaintiffs, in this instance, failed to allege the existence of either a contemporaneous physical impact or a coexistent physical injury, they have failed to plead a cause of action. The plaintiffs, on the other hand, argue that under contemporary authorities both the requirement of physical impact as well as the requirement of an accompanying physical injury have been abrogated and that Illinois law is consonant with this modern approach.

■■ The response by the courts to the question of when recovery may be obtained for emotional injuries caused by negligent conduct has been diverse. A number of courts have taken the position that absent a showing of a contemporaneous physical impact or physical injury upon the party seeking recovery for such injuries, an action will not be allowed. (*Beaty v. Buckey Fabric Finishing Co.* (E.D. Ark. 1959), 179 F. Supp. 688; *Samms v. Eccles* (1961), 11 Utah 2d 289, 358 P.2d 344; *Morgan v. Hightower's Adm'r* (1942), 291 Ky. 58, 163 S.W.2d 21; *Spade v. Lynn & Boston R.R. Co.* (1897), 168 Mass. 285, 47 N.E. 88.) Other courts have permitted recovery so long as the plaintiff can show he was within the zone of danger created by the negligence or was in fear for his own safety. (*Niederman v. Brodsky* (1970), 436 Pa. 401, 261 A.2d 84; *Falzone v. Busch* (1965), 45 N.J. 559, 214 A.2d 12; *Battalla v. State* (1961), 10 N.Y.2d 237, 219 N.Y.S.2d 34, 176 N.E.2d 729; *Chiuchiolo v. New England Wholesale Tailors* (1930), 84 N.H. 329, 150 A. 540; Restatement (Second) of Torts §436 (1965).) Still other courts have adopted the position that recovery may be obtained for such injuries provided such psychic injuries are a foreseeable consequence of the negligent conduct. (*D'Ambra v. United States* (1975), 114 R.I. 643, 338 A.2d 524; *Leong v. Takasaki* (1974), 55 Haw. 398, 520 P.2d 758; *Hughes v. Moore* (1973), 214 Va. 27, 197 S.E.2d 214; *Dillon v. Legg* (1968), 68 Cal. 2d 728, 441 P.2d 912, 69 Cal. Rptr. 72.) It is clear that Illinois demands the pleading and proof of a physical impact or contemporaneous physical injury. (*Braun v. Craven* (1898), 175 Ill. 401, 51 N.E. 657; *Benza v. Shulman Air Freight* (1977), 46 Ill. App. 3d 521, 361 N.E.2d 91; *McCullough v. Orcutt* (1957), 14 Ill. App. 2d 513, 145 N.E.2d 109; *Corey v. Hiberly* (7th Cir. 1965), 346 F.2d 368.) In Illinois, if

there is no physical impact, the right to recovery exists only in those cases where the infliction of severe emotional injuries was intentional. (*Knierim v. Izzo* (1961), 22 Ill. 2d 73, 174 N.E.2d 157.) *Public Finance Corp. v. Davis* (1976), 66 Ill. 2d 85, 360 N.E.2d 765, sets forth the following four conditions which must be met for such a recovery:

(1) the conduct must be extreme and outrageous,

(2) the emotional distress must be severe,

(3) the defendant must know that severe emotional distress will probably be the result of his conduct, and

(4) the conduct must arise from an abuse of a position of power over the plaintiff.

■■ Because the plaintiffs failed to allege that the defendants' negligence resulted in physical impact or contemporaneous physical injury upon them, we believe that those counts relying upon the theory of the negligent infliction of emotional distress should have been dismissed by the trial court.

Scholastic Transit also appeals from the denial of its motion to dismiss counts XXVII, XXIX and XXX of the plaintiffs' second amended complaint. In Count XXVII, the estate of Jeffrey Kaiserman alleges that Scholastic Transit operated a facility to test the safety of vehicles used for transporting school children. Prior to the accident, Scholastic inspected the vehicle owned by Tween Trails which was involved in the October 30, 1973, accident, which resulted in the death of Jeffrey Kaiserman, and discovered that the warning lights on the bus were inoperative. Nevertheless, Scholastic told Tween Trails it could continue to use the bus in that condition. In addition, Scholastic informed Tween Trails that the inoperative warning lights could remain on the top of the vehicle so that oncoming and passing vehicles "could reasonably assume if seeing a stopped vehicle yellow in color with school bus markings, obviously a school bus, and with warning lights mounted but not blinking, that there were no children alighting or boarding said vehicle and that they would have no reason to stop." The complaint then continues that Scholastic was negligent in one or more of the following ways: negligently qualifying the bus to carry school children, negligently informing Tween Trails that the bus could be marked as a school bus despite the faulty warning lights, and negligently approving the bus to be marked as a school bus despite the broken lights. The plaintiff concludes by asserting that "as a direct and proximate result of" Scholastic's negligence, Jeffrey suffered bodily injuries which caused his death.

Counts XXIX and XXX are identical to count XXVII except that in count XXIX, the parents and next-of-kin of Jeffrey Kaiserman allege they suffered mental distress as a result of Scholastic's negligence, and in count XXX Jeffrey's parents seek recovery for the loss of society. We have

already determined that count XXIX should have been dismissed by the trial court and that count XXX was properly dismissed by the trial court for failure to state a cause of action. Therefore, we will now consider whether the trial court properly denied Scholastic's motion to dismiss count XXVII.

It is Scholastic's contention that this count is deficient in that there are no facts alleged which establish a causal connection between the defendant's alleged negligence and the injuries suffered by the decedent. In particular, Scholastic argues that under the facts alleged, the injuries for which the plaintiffs seek recovery were legally caused by the independent actions of the defendants Tween Trails and Bright. At most, Scholastic argues, its alleged negligence merely produced a condition within which other causal agencies operated.

In Illinois, a complaint is to contain sufficient allegations of fact to state a proper cause of action. (*Fanning v. LeMay* (1967), 38 Ill. 2d 209, 230 N.E.2d 182; Ill. Rev. Stat. 1975, ch. 110, par. 31.) In determining the sufficiency of a complaint it should be liberally construed, with a view to doing substantial justice between the parties. (Ill. Rev. Stat. 1975, ch. 110, par. 33(3).) No pleading is to be considered bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet. (Ill. Rev. Stat. 1975, ch. 110, par. 42(2).) In evaluating the sufficiency of a complaint, the entire complaint must be construed as a whole rather than separately considering its disconnected parts. *Courtney v. Board of Education* (1972), 6 Ill. App. 3d 424, 286 N.E.2d 25.

■■ Under these standards, we believe that count XXVII of the second amended complaint properly alleges sufficient facts to state a cause of action. While the facts relating to the accident itself were not specifically included in the count in question, they were clearly alleged in other portions of the complaint. Moreover, in the allegations as to the effect that the presence of inoperative warning lights on a halted school bus would have upon other vehicles, we feel that the plaintiffs have clearly and adequately specified the theory of causation upon which they intend to seek recovery from Scholastic.

Scholastic further argues that under the facts alleged, the injuries could only have been caused by a force acting independently from any negligence which they may have engaged in, primarily the independent actions of the taxicab driver or the driver of the school bus. Scholastic is correct in its assertion that they will not be held liable if it is shown that the plaintiffs' injuries were caused by an independent, intervening force. However, in order to relieve Scholastic of any liability, the action of this independent force must not have been a foreseeable consequence of Scholastic's alleged negligence. (*Ray v. Cock Robin, Inc.* (1974), 57 Ill. 2d

74

19, 310 N.E.2d 9.) The question of whether or not an independent force was foreseeable necessarily turns upon the facts which are ultimately established. (*Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 356 N.E.2d 93.) Since the present litigation has not reached the evidentiary stage, it would be premature for us to make any determination as to that issue. There are facts alleged from which it could be established that the actions of Tween Trails and Bright were foreseeable, therefore, we feel compelled to uphold the trial court's denial of Scholastic's motion to dismiss.

For the foregoing reasons, that portion of the order of the circuit court of Cook County granting the defendants' motions to dismiss those counts which allege damages for the loss of society is affirmed; that portion of the order denying the defendants' motions to dismiss those counts which allege damages for the negligent infliction of emotional distress is reversed, and that portion of the order denying Scholastic's motion to dismiss count XXVII for failure to state a cause of action is affirmed. Accordingly, the case is remanded to the circuit court of Cook County for further proceedings consistent with the views expressed herein.

Affirmed in part; reversed in part and remanded.

McNAMARA and SIMON, JJ., concur.