**Pedro Rios JIMENEZ, et al., Plaintiffs,**

v.

**AMERICAN AIRLINES, INC., et al., Defendants.**

**Civ. No. 79–2277 GG.**

United States District Court,
D. Puerto Rico.

Dec. 28, 1983.

Harvey B. Nachman, Santurce, P.R., for plaintiffs.

Alvaro R. Calderón, Jr., Calderón, Rosa-Silva & Vargas, Hato Rey, P.R., for American Airlines.

A. Santiago Villalonga, Hartzell, Ydrach, Mellado, Santiago, Perez & Novas, San Juan, P.R., for McDonnel Douglas Corp.

OPINION AND ORDER

GIERBOLINI, District Judge.

This litigation arises from the crash of American Airlines Flight No. 191 near Chicago, on May 25, 1979. The action was originally filed in this court and then transferred to the Northern District of Illinois, Eastern Division (Illinois District Court). Thereafter, defendant American Airlines, Inc. filed a motion for partial summary judgment. The Illinois District Court declined to rule on defendant's motion because it concluded that the choice of law rules of Puerto Rico were in state of flux, making it difficult for the court to decide whether Puerto Rico used the *lex loci delicti* rule or the dominant contact approach.

Consequently, it remanded the case to this court.

■ We must now determine the conflicts of law rule prevailing in Puerto Rico for actions of this sort. We held oral arguments on this point on November 4, 1983 and requested legal memoranda. Upon careful examination of the parties' memoranda, arguments, and applicable case law we find that Puerto Rico espouses the dominant contacts rule in determining its choice of law rule in tort actions.

In *Widow of Fornaris v. American Surety Co. of New York*, 93 P.R.R. 28 (1966), the Supreme Court of Puerto Rico adopted the doctrine of dominant contacts to govern in matters of conflicts of law in damages actions. In that case, an airplane owned by a Puerto Rico corporation and carrying Puerto Rico residents left Puerto Rico and crashed in the Virgin Islands. All passengers were killed. The Court held that rights and liabilities in tort were to be determined in accordance with the law of the jurisdiction having the dominant contacts with the parties and the occurrence. *Id.* at 46.

Subsequent cases have reaffirmed the holding of *Fornaris*. *See Fojo v. American Express Co.*, 554 F.Supp. 1199, 1203 (D.P.R.1983); *Federal Insurance Co. v. Dresser Ind., Inc.*, 111 D.P.R. 96, 106 (1981); *Archilla v. Smyth Worldwide Movers*, 106 D.P.R. 538, 550 (1977); *Green Giant Co. v. Tribunal Superior*, 104 D.P.R. 489, 498 (1975); *Bonn v. Puerto Rico International Airlines, Inc.*, 518 F.2d 89, 91 (1st Cir.1975); *Albandoz de Reyes v. Japan Air Lines*, 70 F.R.D. 64, 69, fn. 1 (D.P.R.1975); *A.H. Thomas Co. v. Superior Court*, 98 P.R.R. 864, 869, fn. 4 (1970); *González y Camejo v. Sun Life Assurance Co. of Canada*, 313 F.Supp. 1011, 1013

(D.P.R.1970).[1] As the United States Court of Appeals for the First Circuit noted in *Bonn, supra*, at 41, *Fornaris* forces us to apply the law of the jurisdiction with dominant contacts to the parties and the tort involved.

■ Balancing the contacts in the instant case, we find that Puerto Rico is the forum with the most significant interests in the controversy. Plaintiffs are residents of Puerto Rico.[2] Puerto Rico thus has a legitimate interest in offering the protection of its laws to its residents so that its domiciliaries may be compensated for their loss. In fact, the residence of the plaintiffs was the Supreme Court's overriding concern in *Fornaris* in determining that Puerto Rico had the dominant interest in that case. *Fornaris, supra*, at 46; *Fojo, supra*, at 1203.

■ More importantly, as the Supreme Court held in *Fornaris, supra*, at 38, Puerto Rico is the place "having greater interest in that [*sic*] the wrongful act be not committed, *or if committed, that due reparation be made.* (emphasis added) The Court reasoned that a rigid applicability of the traditional *lex loci delicti* rule would have resulted in an injustice because the Virgin Islands limited to $10,000 the maximum amount recoverable as compensation for damages. Similarly, in the instant case, an injustice would result if the law of the place of the accident were to apply. Recovery under the Illinois Wrongful Death Act is limited to the pecuniary injuries of the decedent's dependents. Moral damages, or their equivalent at common law, e.g. loss of society, mental and emotional distress, are not compensable. *Kaiserman v. Bright*, 61 Ill.App.3d 67, 70, 18 Ill.Dec. 108, 377 N.E.2d 261 (1st Dist.1978). Plaintiffs then would be left without repa-

---

1. Defendant cites in support of its proposition that choice of law rule in this jurisdiction is *lex loci delicti, DeVane v. United States*, 259 F.Supp. 18, 20 (D.P.R.1966), and *Jiménez Puig v. Avis Rent-A-Car, System*, 574 F.2d 37, 39 (1 Cir.1978). However, in light of the recent decisions of the Supreme Court of Puerto Rico, and of this court, we find that these cases are the exception and not the general rule.

2. We note however, that the record is unclear as to the residence of one of the plaintiffs at the time of the filing of the complaint. At the time of the accident co-plaintiff William Ríos González was in the military service on duty in the Canal Zone.

ration were we to apply Illinois law. We decide thus to apply Puerto Rico law in light of the mandate of *Fornaris* and basic principles equity and justice.

Defendant claims that Illinois is the forum with the most significant contacts because the accident occurred in Illinois. However, "the place of the injury is an entirely fortuitous factor, and the fortune of the parties, in a rational system of law, should not be left at the mercy of such a whimsical factor". *Fornaris, supra,* at 46. (emphasis added)

In view of the above, we hold that the law of Puerto Rico, the forum with dominant contacts to the controversy, controls this case. It is ordered that defendant's motion for summary judgment be and is hereby denied.

SO ORDERED.